## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| North States Industries, Inc.,<br><br>      Plaintiff,<br><br>  v.<br><br><br>Patent Compliance Group, Inc.<br><br>      Defendant. | Court File No. 10-cv-820 (DWF/JSM)<br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF PATENT COMPLIANCE GROUP, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

Patent Compliance Group, Inc. ("PCG") submits this Memorandum of Law in Support of its Motion to Dismiss North States Industries, Inc.'s ("NSI") Complaint for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and would respectfully show the Court as follows:

## I.     INTRODUCTION

NSI's Complaint for Declaratory Judgment must be dismissed because this Court lacks personal jurisdiction over Defendant PCG. As set forth in that attached declaration, PCG has never availed itself of the laws of Minnesota. PCG is a Texas Corporation that has absolutely no presence in Minnesota. Furthermore, PCG has never conducted any business within the State of Minnesota.

NSI's Complaint does not set forth any facts in support of jurisdiction, because there are none. Moreover, NSI concedes that the instant suit was filed after PCG filed suit against NSI in the Northern District of Texas over the exact same patents and the

exact same issues.  Allowing this suit to proceed "would offend traditional notions of fair play and substantial justice" and would be inconsistent with the protections afforded by the due process clause of the Fourteenth Amendment.

## II.   FACTUAL BACKGROUND

### A.   PCG  Is a Texas Corporation with No Presence in Minnesota

PCG is a Texas Corporation that maintains its principal place of business at 4223 Buena Vista, Suite 4, Dallas, Texas 75205.  *See* Declaration of Michael Zweber in Support of PCG's Motion to Dismiss for Lack of Personal Jurisdiction ("Zweber Decl."), filed concurrently herewith, at ¶ 3.  PCG does not maintain an office or an address of any kind in Minnesota and conducts no business within the state.  *Id.*  PCG does not manufacture, produce or distribute any products that are placed into the national stream of commerce. *Id.*

In fact, PCG has no presence, whatsoever, in Minnesota. *Id.* at ¶ 4.  PCG does not own property in the state, has never paid taxes in the state, does not maintain a bank account in the state, and does not transact business with any person or entity located within the state.  *Id.*  The first and only contact that PCG has ever had with any person or entity from Minnesota is in connection with a lawsuit it filed against NSI in the Northern District of Texas.  *Id.*

### B.   PCG's Lawsuit Against NSI in the Northern District of Texas

On March 1, 2010, PCG filed suit against NSI in the Northern District of Texas (the "Texas Case").  *See* PCG's Complaint, Zweber Decl., Ex. A; *see also* D.I. 1 at ¶ 7. PCG's Complaint, filed more than two weeks before the instant action, involves the same

issues and the exact same patents as this lawsuit.  PCG's Complaint alleges that NSI

violated 35 U.S.C. § 292(a) (the "False Marking Statute") by marking unpatented articles

with the intent of deceiving the public.  Specifically, PCG alleges that NSI violated the

False Marking Statute by marking its line of Pet Gate products with the following expired

patents: (i) United States Patent No. 4,677,791 (the "'791 patent") titled *Adjustable Gate*

*for Doorways*";  and (ii) United States Patent No. 4,607,455 (the "'455 patent") titled

"*Adjustable Gate for Doorways*".  Both the '455 Patent and the '791 Patent are expired,

and as such, any products which were once covered by these patents are no longer

protected by the patent laws of the United States.  Despite the fact that the claims of the

'455 Patent and the '791 Patent are no longer afforded patent protection, NSI has and

continues to mark its products with these patents.

Since initiating the Texas Case, PCG has had a limited number communications

with NSI – all of which related to the Texas Case or the instant suit.  Zweber Decl. at ¶ 6.

Specifically, on March 1, 2010, PCG sent NSI a letter enclosing (among other things) a

copy of its Complaint and request for waiver of service of summons.  *Id*.  PCG has not

had any other direct contact with NSI except for communications with NSI's outside

counsel, Jeffer Ali, all of which related to either PCG's request for waiver of service of

summons in the Texas Case, NSI's subsequent filing of this case, and/or the prospect of

resolving the dispute between the parties.  *Id*.

C.    **NSI's Declaratory Judgment Action Against PCG in the District of Minnesota**

On March 16, 2010, NSI filed the instant suit which seeks "[a] declaratory judgment that NSI did not falsely mark any of the various unidentified pet gate products under 35 U.S.C. § 292." (D.I. 1, at ¶ 10). NSI's declaratory judgment complaint involves the same two patents that are the subject of the Texas Case: (i) the '445 Patent; and (ii) the '791 Patent. NSI's declaratory judgment complaint does not raise any issues that are not before the Court in the Texas Case.

### III.    ARGUMENT

A.    **NSI Bears the Burden of Establishing Personal Jurisdiction**

To avoid a 12(b)(2) motion to dismiss, the Plaintiff bears the burden of establishing a prima facie showing of personal jurisdiction. *Digi-Tel Holdings, Inc. v. Proteq Telecomms Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996).

The assertion of personal jurisdiction over a non-resident defendant requires that the defendant be within reach of the forum state's long-arm statute and that the exercise of jurisdiction be consistent with the protections of the due process clause of the Fourteenth Amendment. *See Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas*, 51 F.3d 1383, 1387 (8th Cir. Cir. 1995); *Minn. Mining & Mfg. Co. v. Rauh Rubber, Inc.*, 943 F. Supp. 1117, 1121 (D. Minn. 1996), aff'd, 130 F.3d 1305 (8th Cir. 1997). In Minnesota, the applicable long-arm statute reaches to the limits of the constitution, collapsing the required scrutiny into a single due process inquiry. *See Minn. Mining & Mfg. Co.*, 943 F. Supp. at 1121.

Due process is satisfied when non-resident defendants have "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).   Whether an individual's contacts are sufficient to satisfy due process depends upon whether the defendant has "purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws." *See Red Wing Shoe Co. v. Hockerson Halberstadt*, Inc., 966 F. Supp. 833, 836 (D. Minn. 1997) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475(1985), aff'd, 148 F.3d 1355 (Fed. Cir. 1998).   "Purposeful availment" means "deliberately engaging in significant activities within a state or creating 'continuing obligations' between the litigant and residents of the forum." *Id*.

In evaluating the sufficiency of defendant's contacts, the courts make a distinction between "specific jurisdiction" and "general jurisdiction":

> Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state while general jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.

*Burlington Indus., Inc. v. Maples Indus., Inc.,* 97 F.3d 1100, 1102 (8th Cir. 1996) (quoting *Bell Paper Box*, Inc., 22 F.3d at 819).  In order to establish general jurisdiction, a plaintiff must establish that there are "continuous and systematic contacts" between the defendant and the forum. *Sondergard v. Miles, Inc*., 985 F.2d 1389, 1392 (8th Cir. 1993).

**B.      NSI Cannot Meet Its Burden of Establishing a Prima Facie Case for General Jurisdiction**

NSI cannot establish a prima facie case for general jurisdiction, because PCG has not had "continuous and systematic contacts" with the forum state. *See Sondergard*, 985 F.2d at 1392.  In its Complaint, NSI does not even attempt to state a case for general jurisdiction.  In fact, NSI does not set forth a single fact in support of jurisdiction, let alone the "continuous and systematic contacts" that are necessary to establish general jurisdiction.

The reason NSI fails to allege any facts in support of jurisdiction is because there are none.  As detailed in the Declaration of Michael Zweber, filed concurrently herewith, PCG does not maintain an office in Minnesota and conducts no business within the state. Zweber Decl. at ¶ 3.  In fact, PCG has absolutely no presence within the forum.  *Id*. at ¶ 4.

**C. NSI Cannot Meet Its Burden of Establishing a Prima Facie Case for Specific Jurisdiction**

NSI cannot establish that a prima facie case for specific jurisdiction, because it cannot demonstrate that PCG has "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

The only "contacts" that NSI can possibly point to in support of jurisdiction are a series of communications that PCG had with NSI relating to the Texas Case, but such contacts, by themselves, do not constitute "minimum contacts" sufficient to satisfy the due process requirement of the Fourteenth Amendment.  Minnesota law is clear that

telephone calls, faxes and letters cannot alone support the exercise of personal jurisdiction over a non-resident defendant. *Northrup King Co.,* 51 F.3d at 1388 ("letters and faxes alone do not establish personal jurisdiction" unless "in conjunction with" other contacts); *Digi-Tel Holdings, Inc. v. Proteq Telcomms.*, Inc., 89 F.3d 519, 523 (8th Cir. 1996) (no personal jurisdiction when defendant "sent numerous letters and faxes and made several telephone calls" into Minnesota because "[a]lthough letters and faxes may be used to support the exercise of personal jurisdiction, they do not themselves establish jurisdiction"); *Red Wing Shoe Co.*, 966 F. Supp. at 837 ("Correspondence such as letters, facsimiles, and telephone conversations alone do not establish personal jurisdiction.").

The facts in *Red Wing Shoe Co.* are very similar to the facts in the instant case, and illustrate why "purposeful availment" is absent as a matter of law. In *Red Wing Shoe Co.*, the defendant sent several letters to the plaintiff in Minnesota and made phone calls to the plaintiff regarding the content of those letters. *Red Wing Shoe Co.,* 966 F. Supp. at 835. In those letters, the defendant informed the plaintiff that it held patent rights that the plaintiff was violating, and articulated the basis for its belief that the plaintiff was infringing its patent rights. The letters and phone calls offered to enter into pre-litigation license negotiations. *Id.* The plaintiff disagreed that it was violating any patent laws, and filed a declaratory judgment action in Minnesota seeking a declaration of non-infringement, invalidity, and unenforceability of the patent. The defendant moved to dismiss on personal jurisdiction grounds. *Id.* The Minnesota District Court granted the motion to dismiss, agreeing that the letters and calls from the defendant asserting its legal rights did not amount to "purposeful availment."

Here, the only contacts that PCG has had with the forum state are a series of communications with NSI related to the Texas Case. Specifically, on March 1, 2010, PCG sent NSI a letter enclosing a copy of its Complaint and request for waiver of service of summons. *Id*. at ¶ 6. The only other contacts PCG has had with NSI were with its attorneys, and each of those communications related to PCG's request for waiver of service of summons in the Texas Case, NSI's subsequent filing of this case and/or the prospect of resolving the dispute between the parties. *Id*. Like in *Red Wing Shoe Co.*, these contacts do not constitute "purposeful availment", and are insufficient to establish specific jurisdiction under either the Minnesota long-arm statute of the due process clause of the Fourteenth Amendment.

## IV.    CONCLUSION

For foregoing reasons, PCG respectfully requests that NSI's Complaint be dismissed for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2).

Dated:  April 7, 2010

Respectfully submitted,

**RIMAS LAW FIRM, PLLC**

By: ___/s/ Vytas Rimas_____
     Vytas M. Rimas (MN 182539; CA 124936)
     18281 Minnetonka Blvd., Suite A
     Minneapolis, MN  55391
     Tel: 612-720-2786
     Fax: 800-208-6315
     vytas@rimaslawfirm.com

Of Counsel:

Michael C. Zweber
Zweber P.C.
Texas State Bar No. 24003236
4223 Buena Vista St., Suite 4
Telephone:  214-507-0508
mzweber@zweberlaw.com

**ATTORNEYS FOR DEFENDANT
PATENT COMPLIANCE GROUP, INC.**